IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MICHAEL KERRY KENDRICK,  )<br>  )<br>    Defendant.  ) | Case No. CR-20-00109-JD |

## ORDER

Before the Court is Defendant Michael Kerry Kendrick's *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion") [Doc. No. 83]. Mr. Kendrick asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines ("USSG"). The United States responded in opposition ("Response") [Doc. No. 88], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 84].

For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Because of the downward variance he received, Mr. Kendrick's sentence of 180 months is below the minimum of his amended guideline range, and the Court lacks authority to reduce his sentence further.

I.  **BACKGROUND**

On July 8, 2020, Mr. Kendrick pleaded guilty to conspiracy to commit child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 1594(c). [Doc. Nos.

28–32]. On February 16, 2021, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 42]. The PSR calculated Mr. Kendrick's total offense level at 33 with a total criminal history score of 16 and a criminal history category of VI. PSR at ¶¶ 70, 99. As correctly noted by Mr. Kendrick, Mr. Kendrick was assessed an additional two "status points" because he committed the instant offense while under a criminal justice sentence imposed by the Pottawatomie County District Court. *See id.* at ¶¶ 92, 98. Based on a total offense level of 33 and a criminal history category of VI, Mr. Kendrick's advisory guideline range for imprisonment was 235 months to 293 months. *See id.* at ¶ 134. At the sentencing hearing held on April 2, 2021, the Court adopted the PSR with a change that affected Mr. Kendrick's criminal history score. [Doc. No. 55 at 1]. The Court determined that only three points should be assessed total for paragraphs 85 and 86, which reduced the total criminal history score to 13, still resulting in a criminal history category of VI. *See id.* The Court varied downward from the advisory sentencing guidelines and sentenced Mr. Kendrick to a term of imprisonment of 180 months. *See id.* at 2–3; *see also* Judgment at 2 [Doc. No. 54].

Mr. Kendrick asks the Court to reduce his sentence based on Amendment 821 to the USSG because he was assessed two additional criminal history points ("status points"). Motion at 2.

II. **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a

previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact

3

*warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

The Sentencing Commission amended the USSG effective November 1, 2023. Relevant here, Part A of Amendment 821 decreases the defendant's "status points" by one if he has seven or more criminal history points, and his "status points" are eliminated if he has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part A of Amendment 821, Mr. Kendrick's "status points" would be decreased by one, resulting in a total criminal history score of 12, which changes his criminal history category to V. Thus, with a total offense level of 33 and a criminal history category of V, Mr. Kendrick's amended guideline range is 210 months to 262 months. Amendment 821, then, lowers Mr. Kendrick's guideline range.

However, as the government correctly explains in its Response, a reduction is inconsistent with the applicable policy statements.[1] *See* USSG § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 826–27. Pursuant to the Sentencing Commission's instructions, the Court cannot reduce Mr. Kendrick's term of imprisonment below the minimum of the amended

---

[1] The USPO concurs with this result in its Preliminary Report and notes that Mr. Kendrick is not entitled to relief. [Doc. No. 84 at 2].

4

guideline range—i.e., below 210 months. *See* USSG § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"). Because the Court imposed a sentence of 180 months, which is already lower than the minimum of the amended range, the Court is not authorized to modify Mr. Kendrick's sentence pursuant to § 3582(c)(2).

The applicable policy statement also precludes the Court from a variance below the amended guideline range comparable to the downward variance Mr. Kendrick received at his sentencing. On this point, the application note to USSG § 1B1.10(b)(2) is instructive. It states that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies." USSG § 1B1.10, cmt. n.3. The note provides an example: A defendant had a guideline range at the time of sentencing of 70 to 87 months, but the court imposed a sentence of 56 months, constituting a downward departure or variance. *Id.* Following a guideline amendment, the defendant's new guideline range is 51 to 63 months. *Id.* Under § 1B1.10(b)(2)(A), the court could "reduce the defendant's term of imprisonment but shall not reduce it to a term less than 51 months."[2] *Id.*

Because Mr. Kendrick received a downward variance, his sentence of 180 months is below the minimum of his amended guideline range, and the Court lacks the authority to reduce his sentence further. As such, Mr. Kendrick is not eligible for a reduction of his

---

[2] USSG § 1B1.10(b)(2)(B) provides an exception to this limitation, which is not applicable in Mr. Kendrick's case.

sentence under Part A of Amendment 821. Because the reduction is not authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Kendrick's sentence and dismisses the Motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition").[3]

### III.   CONCLUSION

Accordingly, Defendant Michael Kerry Kendrick's *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 83] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 8th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court nevertheless acknowledges the programs Mr. Kendrick has been completing or is working to complete in the Bureau of Prisons, and commends his efforts. *See* [Doc. No. 83 at 2; Doc. No. 92].